IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALLAN A. PETERSEN,           ) | |
| )                            | |
| Petitioner,         ) | |
| )                            | |
| v                          ) | Civil Action No. 2:07cv785-MEF |
| )                            | (WO) |
| DARLENE A. DREW,          ) | |
| WARDEN,                  ) | |
| )                            | |
| Respondent.        ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Allan A. Petersen ("Petersen"), a federal prisoner incarcerated at the Federal Prison Camp on Maxwell Air Force Base in Montgomery, Alabama, initiated this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petersen challenges the conviction and sentence for cocaine trafficking entered against him by the United States District Court of the Virgin Islands. He seeks his release from imprisonment.

**I. FACTS**[1]

In March 1995, a federal grand jury sitting in the District of the Virgin Islands indicted Petersen and others for trafficking in cocaine. Following a jury trial, Petersen was found guilty of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The trial court sentenced Petersen to 188 months' imprisonment. Petersen appealed to the United States Court of Appeals for the Third Circuit

---

[1] The facts are gleaned from Petersen's § 2241 petition and accompanying attachments and *Petersen v. United States*, No. CV. 1998/0066, 2003 WL 22836477 (D.Virgin Islands Nov. 24, 2003) (unpublished).

(No. 96-7477). On the advice of counsel, however, he subsequently gave his written consent to the dismissal of his appeal. The Third Circuit dismissed the matter on May 20, 1997.

On March 27, 1998, Petersen filed a 28 U.S.C. § 2255 motion in the United States District Court of the Virgin Islands challenging his conviction and sentence.[2] On November 24, 2003, the district court denied the § 2255 motion, deciding all claims adversely to Petersen. *See Petersen v. United States*, No. CV. 1998/0066, 2003 WL 22836477 (D.Virgin Islands Nov. 24, 2003) (unpublished). Petersen appealed, and the Third Circuit affirmed the district court's denial of his § 2255 motion. Thereafter, Petersen filed an application pursuant to 28 U.S.C. § 2244 seeking permission from the appellate court to file a second or successive § 2255 motion challenging his conviction and sentence. The Third Circuit denied that application in an order entered on March 5, 2007.

On August 28, 2007, Petersen filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] For the reasons that follow, the court concludes that Petersen

---

[2]In the § 2255 motion, Petersen raised the following general claims and well as other related claims:

1. His trial counsel rendered ineffective assistance.

2. The government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory evidence.

3. His appellate counsel rendered ineffective assistance.

4. In light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the indictment was defective for failing to charge essential elements of the offense.

[3]Although Petersen's petition was date-stamped "received" in this court on August 31, 2007,
(continued...)

2

is not entitled to any relief based on the claims in his petition.

## II.  DISCUSSION

In his petition, Petersen argues that his conviction and sentence should be vacated for the following reasons:

1. Counsel for the defense and prosecution – and the district court judge – were aware that a government witness who had been advised of the "rule of sequestration" remained in the courtroom during the testimony of all witnesses and was later called as a witness for the government without any objection by counsel, in violation of Petersen's rights to due process, effective counsel, and a fair trial.

2. Because the conviction of one of his coconspirators was reversed on appeal based on the insufficiency of the evidence, his own conviction for conspiracy cannot stand, and he is actually innocent of the offense of which he was convicted.

The claims presented by Petersen go to the fundamental legality of his conviction and resulting incarceration.  The law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court.  "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion

---

[3](...continued)
under the "mailbox rule" the court deems the petition filed on the date Petersen delivered it to prison authorities for mailing, presumptively, August 28, 2007, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255 ¶5.

It appears from a review of the petition that Petersen filed this action in this court pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[4] This court cannot countenance Petersen's circumvention of the procedural restraints contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has expired or a subsequent motion under the section would be barred as successive.

The habeas petition, supporting documents, and relevant court records demonstrate that Petersen's claims would be barred from review in a § 2255 motion before the United States District Court of the Virgin Islands by the AEDPA's gatekeeping provisions on untimely and successive petitions. The "inadequate or ineffective" savings clause of 28 U.S.C. § 2255 applies to a claim when (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal,

---

[4]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

or first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id*. "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Petersen does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255, thereby precluding relief in a § 2241 proceeding. Petersen's claims are not premised upon a Supreme Court decision issued after his conviction which the Court made retroactively applicable to such conviction. Moreover, Petersen has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Thus, Petersen's challenges to his conviction are not based upon a retroactively applicable Supreme Court decision. Finally, pertinent federal law did not foreclose Petersen from presenting the claims now before this court at the time these claims otherwise could and should have been raised. Specifically, the pleadings filed herein establish that Petersen had the requisite procedural opportunity to raise the instant habeas claims and have such claims decided during proceedings before the United States District Court of the Virgin Islands or on direct appeal. Petersen also had the opportunity to present his claims in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at 1244. The claims pending before this court therefore fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions

placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause ... does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ... or because an individual is procedurally barred from filing a § 2255 motion....").

In light of the foregoing, the court concludes that Petersen's claims challenging the validity of his conviction and sentence entered against him by the United States District Court of the Virgin Islands are not cognizable in a 28 U.S.C. § 2241 petition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Allan A. Petersen be denied and that

this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 18, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 5th day of September, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE