IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALLAN PETERSEN,
    Petitioner,

vs.

                      Civil Action No. 2:07cv785-MEF(WO)

DARLENE A. DREW,
WARDEN,
    Respondent.

**OBJECTION TO THE MAGISTRATE RECOMMENDATION**

Petitioner objects to the Magistrate Recommendation for the following reasons listed below:

**REASON I**

**THE 28 USC § 2255 REMEDY IS INADEQUATE OR INEFFECTIVE
TO TEST THE LEGALITY OF PETITIONER'S DETENTION**

1. On Petitioner's first 28 USC § 2255 motion, he raised the issue of counsel's ineffective assistance of counsel on the trial level, and on direct appeal, without having the trial records of the case in his possession since they were never purchased by Petitioner's Appellate counsel. Counsel on direct appeal used the appendixes loan to him from co-defendant Melvin Marvin Thomas' case on direct appeal under No.# 96-7476 in the Third Circuit Court of Appeals, **[See Attachment Response To Order To Show Cause and Motion For Voluntary Dismissal Of The Within Appeal at page 2][*Citations of the trial record herein are taken from the Joint Appendix filed in co-defendant Thomas' appeal. case no. 96-7475]**, claiming there was no arguable issues from the records of the case to raise on direct appeal, without filing a <u>ANDER'S</u> brief.

2. On the 28 USC § 2255 Motion hearing granted by the district court, the Court stated the hearing would be based specifically on the issues of ineffective assistance of counsel at the trial level, and on direct appeal. No other issues which were also raised in the 2255 motion, was permitted to be addressed, including the issue of

1.

actual innocence where Petitioner's co-defendant was acquitted in the alleged conspiracy on direct appeal: [United States v. Thomas, 114 F.3d 403, (3rd Cir. 1997)], being the only other named defendant by indictment at trial: on Count 1:

> "This indictment charges as you've heard, in Count 1, that: "On or before from February 3, 1995, to February 10, 1995, at St. Thomas and at Atlanta, Georgia, and elsewhere, THESE TWO DEFENDANTS, ALLAN PETERSEN AND MELVIN MARVIN THOMAS, knowingly and intentionally conspired with one another, and with others known and unknown to the grand jury, to possess with intent to distribute cocaine, a controlled substance, in violation of Federal Law." Count 2 of the indictment charges that: "On or about February 10, 1995, at St. Thomas and at Atlanta, Georgia, and elsewhere, the defendant, Allan Petersen did knowingly and intentionally possess with intent to distribute a quantity of cocaine, a controlled substance, in violation of Federal Law." Count 3 of the indictment charges that: "On or about February 10, 1995, here in St. Thomas and at Atlanta, Georgia, and elsewhere, MR. PETERSEN did attempt to import into Atlanta, Georgia, a quantity of cocaine, a controlled substance, in violation of Federal Law." Finally, Count 4 of the indictment charges that: "On or about February 10, 1995, at St. Thomas and at Atlanta, Georgia, and elsewhere, the defendant, MELVIN MARVIN THOMAS, did knowingly carry a firearm during and in relation to a drug trafficking crime, that is, possession of cocaine with intent to distribute, in violation of Federal Law." NOW, YOU NOTICE AS THE CASE IS NOW PRESENTED TO YOU IT'S ONLY COUNT 1 THAT HAS BOTH DEFENDANTS CHARGED. Counts 2 and 3 are only against Mr. Petersen."Id.

See: [Attachment 3: Jury Charge, 2241 Memorandum].

3. After Petitioner's conviction for the conspiracy offense became void, (due to Thomas' acquittal judgment on appeal: [United States v. Thomas, 114 F.3d 403, (3rd Cir. 1997)]). Petitioner submitted his request to the Third Circuit Court of Appeals for Authorization to file a successive, or second 2255 motion on his conviction, since it was void, seeing the law states where two is named in a indictment for conspiracy, and one is acquitted on appeal, no crime has been committed, and other must be released. Pearson, 667 F.2d at 12-13 (1982)(citing Espinosa-Cerpa, 630 F.2d 328 (5th Cir. 1980):

> "Existence of coconspirator is not only element of conspiracy, but also essence of crime and thus, in a single trial, if the indictment names two people as only coconspirators and one is acquitted, no crime can have been committed."Id.

However, the Third Circuit Court of Appeals claimed that the issue of Thomas' acquittal judgment was not newly discovered evidence to grant Petitioner a second or successive 2255 motion to have his conviction vacated and void by the district court.

2,

The Constitution requires for a reasonable opportunity to exist through which an inmate could have pursued judicial relief on his claims. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). Failure to allow a federal prisoner, who was barred by Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) from filing successive motion for postconviction relief, to seek collatteral review of his claim of actual or legal innocence of a conspiracy offense, due to the acquittal of his only codefendant by indictment, **would raise sufficiently serious constitutional questions, under Eight Amendment and due process clause, that habeas corpus review would be deemed available to prisoner.** Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

The Triestman Court held:

> "We noted, however, that the possibility that an actually innocent person - who could not have effectively raised his claim of innocence at an earlier time - might be held without recourse to the judicial system could raise serious constitutional questions. We further noted that Triestman's claim of innocence under Bailey, might be cognizable in a petition for a writ of habeas corpus pursuant to 28 USC § 2241(c)(3), or in a petition for a writ of error coram nobis pursuant to 28 USC § 1651."Id. at 366.

See also, Ianniello v. United States, 10 F.3d 59, 62-63 (2d Cir. 1993)(citing Davis v. United States, 417 U.S. 333, 346-47, 94 S.Ct. 2298, 2305-06, 41 L.Ed.2d 109 (1974)(**holding that § 2255 is available even on nonconstitutional grounds if a new decision establishes that a prisoner WAS CONVICTED "FOR AN ACT THAT THE LAW DOES NOT MAKE CRIMINAL."**)).

See also, Dorsainvil, 119 F.3d at 248-49 (concluding that a petitioner in triestman's situation may seek a writ of habeas corpus because : 2255 is inadequate or ineffective to test the legality of his detention); Lorentsen, 106 F.3d at 279 (noting the possible availability of habeas corpus for prisoners in this situation under the "inadequate or ineffective" clause.).

Petitioner Allan Petersen, is innocent of the crime of Conspiracy as alleged in Count 1 of his indictment, which only named Melvin Marvin Thomas, and Petitioner alone as conspiring together. Petitioner was convicted of that offense at trial, and on direct appeal his co-defendant was acquitted of the alleged conspiracy, which both were convicted of at trial. This case is a extraordinary one that, should provide

3.

relief through the habeas corpus statute where justice demands it. Schulp v. Delo, 513 U.S. 298, 322, 115 S.Ct. 851, 864-65, 130 L.Ed.2d 808 (1995)(noting that in interpreting the law of collateral review, courts should "accomodate[] both the systemic interests in finality ... and conservation of judicial resources, and the overriding individual interest in doing justice in the extraordinary case"); Kuhlmann v. Wilson, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)(plurality opinion of Powell, J.)(noting "the clear intent of Congress that successive federal habeas review should ... be available when the ends of justice so require"). Thus, because Petitioner is Legally and factually innocent of the crime of conspiracy for which he is held in custody, (by the acquittal judgment of Thomas, his only codefendant named by indictment), this case presents a Eight Amendment Constitutional Right violation and due process under the Fifth Amendment that should be reviewed by the court on a writ of habeas corpus. The 2255 motion is inadequate and ineffgective to test Petitioner's legality of his detention at this time, as a innocent prisoner, who is not guilty any longer of the crime of conspiracy. A fundamenatl principle stemming from the Fifth Amendment is that a defendant can only be convicted for a crime charged in the indictment. United States v. Cancelliere, 69 F.3d 1116 (11th Cir. 1995); United States v. Keller, 916 F.2d 628 (11th Cir. 1990). "A conviction upon a charge not made, or upon a charge not tried constitutes a denial of due process." Jackson v. Virginia, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979). Where the conviction of one coconspirator is reversed on appeal, the other alleged conspirator's conviction must be vacated as law. Bates v. United States, 323 U.S. 15, (1944); Morrison v. California, 291 U.S. 82, 92 (1934); Hartzel v. United States, 322 U.S. 680, (1944); United States v. Fox, 130 F.2d 56 (3d Cir. 1942); Lubin v. United States, 313 F.2d 419 (9th Cir. 1963); Romonto v. United States, 400 F.2d 618 (10th Cir. 1968). A conspiracy conviction requires at least agreement between two people to the illegal object of the conspiracy, and where one is acquitted for lack of knowledge, the conviction must be reversed for the other. United States v. Molt, 615 F.2d 141 (3d Cir. 1980); Davis, 183 F.3d at 244 (3rd Cir.).

A.

**EVIDENCE OF THE TRIAL RECORDS PROVES BOTH COUNSELS AT TRIAL, AND ON DIRECT APPEAL VIOLATED THE SIXTH AMENDMENT CONSTITUTIONAL RIGHT OF PETITIONER RENDERING THE JUDGMENT VOID ON THE PREVIOUS 28 USC § 2255 MOTION WHICH DENIED RELIEF**

4. As stated earlier, Petitioner filed a 28 USC § 2255 motion in the district court alleging <u>inter alia</u>, that counsel(s) on trail and on direct appeal rendered ineffective assistance of counsel in violation of his Sixth Amendment Right. However, the Court stated in its Memorandum that after reviewing the entire records of the case, that he found both counsels rendered effective assistance, on November 24, 2003. However, Petitioner just using alone the Joint Appendixes filed in codefendant Melvin Marvin Thomas' appeal, <u>by due dilligence</u>, found that counsels knew of the Government's witness [Elisabeth Dubois] sitting in-court during the testimony of all other witnesses both for the Government and the defense, and was still allowed to testify for the Government as a witness without objection by trial counsel, or raised on direct appeal by appellate counsel. The evidence also shows that the government witness Elisabeth Dubois, was informed by the court of the rule of sequestration by several sessions, and chosed to remain in court. Moreover, the evidence on this issue shows in clear detail that, the Court and the Government Attorney, also knew of their witness remaining in court during the testimony of other witnesses in a sidebar discussion. Finally, the evidence also reveal that, the witness Elisabeth Dubois, admitted in open-court to being present in the courtroom during the testimony of another witness, without any objection from the trial attorney. This evidence will be putforth in order as follows:

1.
**THE RULE OF SEQUESTRATION WAS EXPLAINED TO THE GOVERNMENT WITNESS**

THE COURT: All Right. Will you proceed, then?
MR. PATTERSON: Yes, your Honor. We would call Rod Bergstrom (witness sworn).
MR. THOMAS: We'll invoke the rule of sequestration, also, if there are other witnesses the government intends to have testify.
THE COURT: Any other witnesses in court?
MR. PATTERSON: One other, your Honor.
THE COURT: All right.
MR. PATTERSON: Yes, your Honor, I've explained the rule to him.

5.

THE COURT: All right. And any other witnesses you see come in, instruct them. The government is to monitor their witnesses and make sure they're not here in the courtroom when they're not supposed to be. You may proceed. Go ahead. Ma'am, what that means, if you're likely to testify, the rule is that someone who is going to testify in a case cannot be in court and hear what other people are saying. That's the rule. Just so you understand. Thank you. (Witnessess sequestered)(See: Exhibit-A in 2241 Memorandum).

---

THE COURT: Okay, Thank you. So again, the Rule require that each witness testify without having heard what an earlier witness said, that's why witnesses are excused, sequestered, as we call it. (Witnesses sequestered). (See: Exhibit--C, in 2241 Memorandum).

---

### 2.
### DEFENSE ATTORNEY RECOGNIZED WITNESS SITTING COURT DURING THE TESTIMONY OF ANOTHER GOVERNMENT WITNESS WITHOUT MISTAKE

CROSS EXAMINATION OF GOVERNMENT WITNESS
JENNIFER LYNCH BY DEFENSE ATTORNEY MR. FRANCIS:
Q. Now did you speak to Custom Agent Ms. Elisabeth Dubois, the young lady sitting right next to Mr. Patterson? Did you speak to her?
A. About what?
Q. Did you speak to her about this case?
A. Yes.
(See: Exhibit-D, in 2241 Memorandum).

---

### 3.
### GOVERNMENT WITNESS ELISABETH DUBOIS WAS CALLED THEREAFTER AS A WITNESS FOR THE GOVERNMENT WITHOUT ANY OBJECTION BY COUNSEL

THE COURT: Call your witness.
MR. PATTERSON: ELIZABETH DUBOIS.
THE COURT: Please raise your right hand to be sworn. (witness sworn). THEREUPON, Elizabeth C. Dubois, Having been duly sworn, was examined and testified as follows:
BY MR. PATTERSON:
Q. Would you state your full name for the record, please ma'am?
A. Elizabeth Dubois, that's D-U-B-O-I-S.
Q. How are you employed, ma'am?
A. I'm employed as a special agent by the U.S. Customs here in St. Thomas.
Q. How long have you been with the U.S. Customs?
A. A little over four years.
Q. Can you tell us a little bit about your job duties?
A. In addition to narcotics investigations, I also conduct fraud investigations when it comes to Customs violations.
Q. And you are the case agent in the case against Melvin Marvin Thomas and Allan Petersen; is that right?
A. That's right.
Q. And what is a case agent? What does that mean?
A. "Case agent" means I'm responsible for all paperwork when it comes to the case, preparing the case, preparing the case file, and in addition to whatever judicial duties or court duties that I have that may come up as a result of the case.
Q. For Instance, being the one who sits in the courtroom?
A. Thats correct.

(See: Exhibit-E, in 2241 Memorandum).

### 4.
### GOVERNMENT WITNESS ELIZABETH DUBOIS ADMITTED TO BEING IN COURT DURING THE TESTIMONY OF OTHER WITNESSES IN THE PRESENCE OF DEFENSE COUNSEL, THE COURT AND THE PROSECUTOR

BY MR. SMITH:
CROSS EXAMINATION OF AGENT ELIZABETH DUBOIS:

THE COURT: Go ahead.
Q. Agent Dubois, were you present in the courtroom during Agent Bergstrom's testimony?
A. Yes, I was.

(See: Exhibit-B, in 2241 Memorandum).

---

### 5.
### AT THE SIDEBAR DISCUSSION, THE DISTRICT COURT AND THE GOVERNMENT ATTORNEY ADMITTED THAT THEY KNEW AGENT ELIZABETH DUBOIS REMAINED IN COURT DURING THE TESTIMONY OF A WITNESS IN THE PRESENCE OF DEFENSE COUNSELS WITHOUT ANY OBJECTIONS FOR VIOLATING THE RULES

SIDEBAR DISCUSSION DURING THE CROSS EXAMINATION
OF AGENT ELIZABETH DUBOIS:

THE COURT: You're trying to use what agent Bergstrom says to impeach her?
MR. SMITH: No.
THE COURT: Or you're trying to get her to impeach agent Bergstrom?
MR. SMITH: To impeach agent Bergstrom.
MR. PATTERSON: If he didn't testify to it in court your Honor, he can - she was in court for agvent Bergstrom's testimony. If its something that he said in court, he can ask her to verify that or not, or attempt to impeach it that way; but not off of his report.
THE COURT: I tend to agree. Attorney Smith. I don't understand how this, a report that Bergstrom wrote, can be used by her to impeach Bergstrom. You had Bergstrom on the stand. You crossed examined him, I assume on certain of these areas. May be all of them, I don't know. But she was here, agent Dubois was here, I assume, I think during virtually all of his testimony.

(See: Exhibit-F, in the 2241 Memorandum).

---

5. This error on counsel behalf shows at best, Petitioner was without adequate or competent counsel at the trial level required by the Sixth Amendment. The error made the judgment and outcome of the trial unreliable, for it was impossible to impeach any witness of the government using a witness, who remained in court for everyone's testimony in violation of the rule of sequestration. This error is at the magnitude that it needs no case law to make such a finding, since the Court himself at trial, repeatedly explained the rule of sequestration to counsels, and to agent Elizabeth Dubois. The testimony of Agent Elizabeth Dubois, damaged the outcome of the case, and caused a fundamental miscarriage of justice. An objection would have been made

7.

by a adequate and competent counsel to remove, or stop agent Elizabeth Dubois from testifying in court against Petitioner, and damaging the outcome of the case.

Thus, the writ should be granted to correct this fundamental miscarriage of justice that happened at trial, and with counsel. Therefore, in light of the evidence putforth herein, the judgment on 2255 motion, which denied the relief, is unreliable, making the remedy ineffective and inadequate to test the legality of Petitioner's detention. The evidence outstandingly shows that counsel at trial rendered ineffective assistance of counsel, as many other Circuits and Supreme Court cases have held with such a claim.

In addition, because only the Joint Appendixes of codefendant Melvin Marvin Thomas, was used by Petitioner to reveal this substantial error on the record of the case, it was also available for the district court, and Petitioner's counsel on direct appeal, who both claimed they reviewed the entire records of the case, and found no arguable issues to raise on direct appeal, or that would result that counsels rendered ineffective assistance of counsel both on the trial level, and on direct appeal. However, the evidence is clear.

### B.
### BECAUSE COUNSELS DID NOT OBJECT TO, AND RAISE THE CLAIM OF THE VIOLATION OF THE RULE OF SEQUESTRATION IN COURT OR ON DIRECT APPEAL, THE CLAIM WAS NOT AVAILABLE FOR THE FIRST 28 U.S.C. § 2255 MOTION MAKING IT INADEQUATE AND INEFFECTIVE AT THIS TIME TO TEST THE LEGALITY AND DETENTION OF PETITIONER ON A SECOND/SUCCESSIVE 28 USC § 2255 MOTION

6. As stated earlier, Petitioner's appellate counsel never purchased the trial transcript records from the clerk of the district court, but relied only upon the Joint Appendixes filed in Thomas' appeal. This is also verified from the court report's letter to Petitioner dated April 20, 2004. (See: **Attachment of Court reporter letter at page 32, in the 2241 Memorandum**). However, since Petitioner did not have any access to the trial records, or the appendixes, which counsel had, he could not assess the case as counsel did with transcripts of the proceedings. Petitioner relied on advice blindly, while no transcripts were in his possession to review the case. Only after the 2255 motion was filed, and proceedings were pending a decision was

8.

when appellate counsel sent the appendixes to Petitioner after he had drafted a voluntary dismissal of the direct appeal, which is in this court's possession, and dismissed the appeal. In that Motion on page 4, are these words of appellate counsel:

> "Thus, there is no legal basis on this Appeal which the retained undersigned counsel could in good faith argue would require reversal."Id.

The Supreme Court in <u>Reed v. Ross</u>, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984), held "that where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with acceptable procedures." In order to establish the novelty of a constitutional claim sufficient to provide cause, a defendant must initially demonstrate that his situation is one where a court has "articulated a constitutional principle that has not been previously recognized but which has been held to have retractive application." Id. at 17, 104 S.Ct. at 2911.

The Eleventh Circuit in <u>Moore v. Kemp</u>, 824 F.2d 847 (11th Cir. 1987), found that a "colorable showing of factual innocence" is the test, or the test is whether the alleged error precluded the development of true facts or resulted in the admission of false ones. The Court held at minimum, the ends of justice will demand consideration of the merits of a claim on a successive petition, where there is a colorable showing of factual innocence.

The Supreme Court in <u>Dugger v. Adams</u>, 489 U.S. at 401, 411n.6, 109 S.Ct. 1211, 1217 n.6, 103 L.Ed.2d 435 (1989) held that, "If one is actually innocent of a sentence impowed, a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration."Id.

The Supreme Court in <u>Sanders v. United States</u>, 373 U.S. 1, 10 L.Ed.2d 148, 83 S.Ct. 1068 (1963), that, "even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground. If factual issues are involved, the applicant is entitled to a new hearing upon showing that the evidentiary hearing on the prior application was not full and fair." If purely legal questions are

9.

involved, the applicant may be entitled to a new hearing upon showing an intervening change in the law, <u>or some other justification for having failed to raise a crucial point or argument in the prior application</u>. Two further points ahould be noted. First, the foregoing enumeration is not intended to be exhaustive; the test is "the ends of justice" and it cannot be too finely particularized. Second, the burden is on the applicant to show that, although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a detwermination of the ground.

The Eleventh Circuit in <u>Witt v. Wainwright</u>, 755 F.2d 1396, 1397 (11th Cir. 1985), explained that, "the ends of justice" which requires reconsideration, is determined by objective factors, such as "whether there was a full and fair hearing on the original petition or whether there was an intervening change in the facts of the case or the applicable law."

Thus, the evidence of this case will show that, there was no full and fair hearing on the first 2255 motion in court, which was also split as a hearing for damages in court at the same time. Moreover, the evidence is clear that counsels did rendered ineffective assistance of counsel and Petitioner should have the writ granted for the "end of justice" to be completed where he could be released from imprisonment since: he is held in custody for a crime, which no longer is a crime under the law of conspiracy. As such, Petitioner objects to every ground and issue raised by the Magistrate Judge in this Recommendamtion, for he is actaully and legally innocent, and should be provided a avenue or remedy for relief to correct this miscarriage of justice.

The evidence is clear that (1): Petitioner had a single trial; (2): That single trial involved two defendants [Melvin Marvin Thomas and Petitioner by name] alleged to be conspiring together in a conspiracy by Indictment; (3): On direct appeal Melvin Marvin Thomas is acquitted of the alleged conspiracy for insufficient evidence; (4): Petitioner remains alone in prison for the crime of conspiracy which no longer can stand as a crime, for none was committed as charged in the indictment at trial, after

Melvin Marvin Thomas was acquitted. It revealed there was insufficient evidence that Petitioner and Thomas conspired together as the indictment charged; (5): The evidence also shows clearly, that Petitioner's trial attorney rendered ineffective assistance of counsel by not objecting to the government's witness, whom he knew remained in court during the testimony of all other witnesses, and was called as a government witness to testify against Petitioner at trial; And (6): The evidence shows counsel on direct appeal rendered ineffective assistance of counsel by not: (a): purchasing the trial transcripts of the case; (b): And using only the Joint Appendixes loan to him from Melvin Marvin Thomas' appeal to review the case only in part; (c): then make a determination that there is no arguable issues to raise for reversal when there was the claim of the violation of the Rule of Sequestration very clear in the Joint Appendixes of Thomas' case on appeal; (d): Then prepared a motion to voluntary dismiss the direct appeal without filing a <u>Ander's</u> brief for the court, but instead, directed Petitioner (who knew nothing of the direct appeal) to send his signature to the Court of Appeals agreeing with the motion he filed there, without Petitioner ever seeing it, or without Petitioner knowing the value of a direct appeal after three show cause orders for not timely filing the direct appeal brief. Thus, the evidence is clear that a fundamental miscarriage of justice has happened in this case, which needs to be corrected for the ends of justice. The Writ should be granted where a defendant is convicted of conduct that is no longer criminal or a crime, for he is held in prison (custody) as a innocent person that should be freed. The evidence stands clear. See: <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1985)(**"where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default"**). See also <u>Schlup v. Delo</u>, 130 L.Ed.2d 808, (1995)(**A credible claim of actual innocence involves the petitioner's supporting his constitutional claims with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy, eyewitness accounts, or critical physical evidence-that was not presented at trial."**).

At trial, the jurors had no idea the evidence was insufficient, and that Petitioner did not actually conspired with Thomas as the indictment and the case claimed. As

11.

such, Thomas' acquittal judgment on appeal, [is] clear evidence that Petitioner did not conspired with him as charged by the indictment, and therefore, committed no crime of conspiracy. Count One only alleged Thomas' name, and Petitioner's name alone as conspirators in the single trial. There should be a avenue that permits relief from this wrongful fundamental injustice holding Petitioner still in custody and no crime is now proven beyond a reasonable doubt, has been committed.

## CONCLUSION

WHEREFORE, Petitioner Allan A. Petersen, prays that this Honorable court would grant the writ, and allow him to be released back into the community to his family and children as a free man, for he is innocent of the crime for which he is held today in federal prison based upon the law.

Respectfully submitted this 17th day of September 2007.

*Allan A. Petersen*
Allan A. Petersen 03533-094
Federal Prison Camp Montgomery
Maxwell Air Force Base,
Montgomery, Alabama 36112.

## CERTIFICATE OF SERVICE

I, Allan A. Petersen, declare under the penalty of perjury (28 USC § 1746), that I have mailed a exact copy of this objection response to the Magistrate Recommendation to the Court at the address listed below, on this 17th day of September 2007, by depositing same in the U.S. Postal Service mail box on the compound of FPC Montgomery, pre-paid and sealed respectfully.

*Allan A. Petersen*
Allan A. Petersen 03533-094
Federal Prison Camp Montgomery
Maxwell Air Force Base,
Montgomery, Alabama 36112.

Interested Party:
Office of the Clerk
United States District Court
Post Office Box 711,
Montgomery, Alabama 36101-0711.